**FILED**
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Carrie Ramirez at 4:29 pm, Nov 07, 2008

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | |
|---|---|
| IN RE: ) | Chapter 13 case |
| ) | Number <u>08-20305</u> |
| NATHAN SCARBOROUGH, ) | |
| ) | |
| Debtor ) | |
| ) | |

| | |
|---|---|
| ) | |
| VNS CORP d/b/a CHOO CHOO ) | |
| BUILD-IT MART, ) | |
| ) | |
| ) | |
| Creditor/Movant ) | |
| ) | |
| v. ) | |
| ) | |
| NATHAN SCARBOROUGH, ) | |
| ) | |
| Debtor ) | |
| ) | |
| and ) | |
| ) | |
| R. MICHAEL SOUTHER, ) | |
| ) | |
| Chapter 7 Trustee ) | |
| ) | |
| Respondents ) | |

### **MEMORANDUM OPINION AND ORDER ON MOTION TO MODIFY AUTOMATIC STAY**

This matter is before me on the motion ("Motion") by VNS Corp d/b/a Choo Choo Build-It Mart ("Build-It Mart") to modify the automatic stay pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 546(b)(1). Build-It Mart moves for modification of the automatic stay to (1) satisfy the requirements of the Georgia Mechanic's and

1

Materialman's Liens Statute, O.C.G.A. § 44-14-360 et seq. ("Georgia Lien Statute") to perfect its materialman's lien, and (2) proceed with the litigation pending in the Magistrate Court of Wayne County, including obtaining a default judgment against the Debtor, Nathan Scarborough.

Whether the automatic stay prohibits the actions contemplated by Build-It Mart depends on whether the requirements of the Georgia Lien Statute are acts of perfection or acts of enforcement and creation. If the requirements are acts of perfection, then the automatic stay does not apply. Under case law, the Georgia Lien Statute requirements are acts of perfection. As acts of perfection are not barred by the stay, stay relief is not necessary.

Whether Build-It Mart may proceed with the litigation and obtain a default judgment depends on whether obtaining a default judgment is necessary to complete perfection. Continuing with the litigation to obtain a default judgment against the Debtor is not a requirement of perfection but is a continuation of an action prohibited by § 362(a)(1).[1] A creditor may obtain relief from the stay if a prima facie showing of cause for relief is made. Build-

---

[1] 11 U.S.C. § 362(a)(1) provides in relevant part:
    (a) Except as provided in subsection (b) of this section [362], a petition . . . operates as a stay, applicable to all entities, of -
        (1) The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commencd beofre the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

℀AO 72A
(Rev. 8/82)

It Mart has failed to make a prima facie showing of cause for modification of the automatic stay and the motion is therefore denied as to this issue.

## BACKGROUND

On March 31, 2008, Debtor Nathan Scarborough filed a voluntary petition under Chapter 7. Before the filing, Build-It Mart provided goods and services in the principal amount of $5,810.27 to the Debtor for real property improvements at 12849 Lanes Bridge Road, Jesup, Georgia 31545. The Debtor currently owns this property.

On November 27, 2007, Build-It Mart filed a materialman's lien on the property.[2] On April 2, 2008, Build-It Mart filed a complaint in the Wayne County Magistrate Court.[3] On April 15, 2008, Build-It Mart filed a notice of its filing of action for a claim on its materialman's lien.[4]

On August 14, a hearing was held on the issue of whether Build-It Mart was prohibited from fulfilling the requirements under the Georgia Lien Statute and proceeding with its litigation against the Debtor by the automatic stay provisions of § 362(a).

---

[2] A copy of the filed materialman's lien was attached to Build-It Mart's Proof of Claim. Although Build-It Mart indicated in the Motion that a copy of the filed materialman's lien was attached as Exhibit A, it was not attached.

[3] Although Build-It Mart indicated in the Motion that a copy of the complaint was attached as Exhibit B, it was not attached.

[4] Although Build-It Mart indicated in the Motion that a copy of the notice was attached as Exhibit C, it was not attached.

3

AO 72A
(Rev. 8/82)

**DISCUSSION**

### A. Georgia Lien Statute

The first issue is whether the Georgia Lien Statute requirements are acts of perfection or acts of enforcement and creation.[5] This issue is controlled by 11 U.S.C. § 546(b)(1), 11 U.S.C. § 362(b)(3), and In re WWG Industries, Inc., 772 F.2d 810 (11th Cir. 1985).

Section 545 gives the trustee the power to avoid statutory liens on the property of the debtor. 11 U.S.C. § 545. However, § 545 is limited by § 546(b), which allows perfection of a lien after the filing of the bankruptcy petition in certain situations. Section 546(b) provides in relevant part:

> The rights and powers of a trustee under section . . . 545 . . . of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection.

11 U.S.C. § 546(b)(1).

---

[5] The Georgia Lien Statute requirements are: (1) substantial compliance with the contract between the parties; (2) filing a record of a claim of lien within three months after completing the work; (3) at the time of filing for record its claim of lien, sending a copy of the claim of lien by registered or certified mail or statutory overnight delivery to the property owner or contractor; (4) commencing an action for the recovery of the creditor's claim within twelve months from the time it became due; and (5) within fourteen days of filing this action, filing a notice with the clerk of the superior court of the county in which the lien was filed. O.C.G.A. § 44-14-361(a)(1)-(3).

The automatic stay provisions of § 362(a) apply to actions to "create" and "enforce" liens, but not to actions to "perfect" liens. In re Durango Georgia Paper Co., 356 B.R. 305, 311 (Bankr. S.D. Ga. 2005) ("Durango II"); see also WWG Industries, 772 F.2d at 816; Marietta Baptist Tabernacle v. Tomberlin (In re Marietta Baptist Tabernacle), 576 F.2d 1237, 1238-39 (5th Cir. 1978). Section 362(b) provides an exception for actions to perfect a lien by providing that the automatic stay does not apply to:

> [a]ny act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b) . . . .

11 U.S.C. § 362(b)(3).

Based on the Eleventh Circuit's holding in WWG Industries, Bankruptcy Judge Lamar W. Davis of this district determined that § 362(a) does not apply to creditors fulfilling the requirements of the Georgia Lien Statute because the requirements are acts of perfection, not creation or enforcement:

> Indeed, it would be illogical to conclude that although a creditor has the right under Section 546(b) and WWG to satisfy the Georgia Lien Statute's requirements post-petition, the creditor is stayed by Section 362(a) from doing so. Rather . . . it is consistent and logical to conclude that such a creditor would receive the benefit of Section 362(b) to satisfy those requirements without violating the automatic stay. As a result, this Court concludes that because the Georgia Lien Statute's requirements are acts required of perfecting and not creating or enforcing a lien, creditors are required to abide by the requirements if they wish to receive the protection of relation back perfection under Section 546(b).

5

Durango II, 356 B.R. at 311-12.[6]

The holding in WWG Industries was based on the Fifth Circuit's decision in Marietta Baptist Tabernacle v. Tomberlin, 576 F.2d 1237, 1239 (5th Cir. 1978). Marietta held that Georgia's statutory requirements for lien perfection merely provide a way to preserve a lien, not a way to enforce a lien. 576 F.2d at 1239.

I adopt and follow Durango II. The Georgia Lien Statute requirements are acts of perfection and creditors are not barred by the automatic stay from fulfilling these requirements to preserve and perfect liens. As Judge Davis points out, creditors must meet the requirements within the time limits if they want to receive the protection of relation back perfection under § 546(b). Durango II, 356 B.R. at 312.

It appears from the record that Build-It Mart has already taken steps to satisfy the five statutory requirements. (Stipulation of Facts 1-2, September 4, 2008, Docket No. 42.) According to the record, Build-It Mart provided goods and services to Scarborough, filed a materialman's lien on the property within three months after providing goods and services, commenced an action for its claim in the Wayne County Magistrate Court within twelve months from the time it became due, and filed a notice of

---

[6] In Durango II, Judge Davis explicitly overruled his prior decision in In re Durango Georgia Paper Co., 297 B.R. 316 (Bankr. S.D. Ga. 2003) ("Durango I"). In Durango I, Judge Davis held that the requirements were acts of creation and enforcement. 297 B.R. at 320.

its filing of action within fourteen days after the action was filed.

The Stipulation of Facts does not state whether Build-It Mart mailed a copy of the claim of lien to Scarborough at the statutorily required time and in the statutorily required manner. (Stipulation of Facts 1-2.) If Build-It Mart timely complied with the mailing of the notice, its lien is perfected. If not, it is not and stay releief will not afford it an opportunity to correct the deficiency. Because the statutory requirements are acts of perfection, not creation or enforcement, "creditors are required to abide by the requirements if they wish to receive the protection of relation back perfection under Section 546(b)." Durango II, 356 B.R. at 311-12.

### B. Continuing Litigation and Obtaining a Default Judgment Against Scarborough

The second isssue is whether Build-It Mart may proceed with the litigation pending in the Magistrate Court of Wayne County, including obtaining a default judgment against Scarborough. The lien statute merely requires the commencement - not the conclusion - of an action for the recovery of the creditor's claim within twelve months from the time it became due. O.C.G.A. § 44-14-361(a)(3). The statutory requirements for perfection do not

include continuing an action and obtaining a judgment against the debtor *in personam*. See O.C.G.A. § 44-14-361(a)(1)-(3).

Proceeding with the litigation and obtaining a default judgment against Scarborough would violate the automatic stay. Section 362(a)(1) imposes a stay against the continuation of a judicial action or proceeding against the debtor. 11 U.S.C. § 362(a)(1). Build-It Mart requests modification of the stay under § 362(d)(1), which allows the court to grant relief from the stay "for cause." [7]

"Cause" under 362(d)(1) "has no clear definition and is determined on a case-by-case basis." Carlton Company v. Jenkins (In re Jenkins), Case No. 03-60548, 2004 WL 768574, at *2 (Bankr. S.D. Ga. March 30, 2004), quoting Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1166 (9th Cir. 1990). When a party alleges "for cause" grounds for stay relief under 362(d)(1), it must make a prima facie showing that there is cause for relief from the stay. Carlton, at *2.

A three-part test is applied when determining whether to modify the automatic stay to allow continuance of an action pending in another forum against a debtor in bankruptcy. The three parts

---

[7] 11 U.S.C. 362(d) provides in relevant part:
(d) On the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section [362], such as by terminating, annulling, modifying, or conditioning such stay –
 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; . . . "

8

AO 72A
(Rev. 8/82)

of the test include whether: (1) any great prejudice to either the debtor or the bankrupt estate will result from the continuation of the action, (2) the hardship to the creditor caused by the maintenance of the stay considerably outweighs the hardship to the debtor, and (3) the creditor has a probability of prevailing on the merits of his case. World Bazaar Franchise Corp. v. Benbo of Georgia, Inc. (In re Benbo of Georgia, Inc.), Chapter 7 Case No. 91-10931 (Bankr. S.D. Ga. Augusta Division, March 2, 1992) (J. Dalis), citing In re Pro Football Weekly, Inc., 60 B.R. 824, 826 (N. D. Ill. 1986).

Prejudice to Scarborough would result if Build-It obtained a default judgment against Scarborough because Build-It Mart would acquire additional collection rights. The materialman's lien is an *in rem* lien and is secured to the extent of the value of Scarborough's real property at 12849 Lanes Bridge Road in Jesup, Georgia. See In re Village Centers, Inc., 80 B.R. 574, 576-77 (Bankr. N.D. Ga. 1987). A judgment *in personam* against Scarborough would be a lien against all of Scarborough's property. Build It Mart's collection rights would be expanded, and this would obviously cause great prejudice to Scarborough. The first part of the test is not satisfied.

Build-It Mart's only allegation of hardship is that it risks losing its rights if it does not obtain a default judgment because a default judgment is necessary to perfect its lien. (Citation of

9

Authority in Support of Motion to Modify the Automatic Stay 2, September 4, 2008, Docket No. 43.) However, that assertion is incorrrect, because, as discussed above, a default judgment is not a requirement for perfection under the statute. Either the lien is already perfected or it is not, and stay relief will not change that fact. The second part of the test is not satisfied.

Build-It Mart has a likely probability of prevailing on the merits of its case, because it should be able to obtain a default judgment were the litigation allowed to proceed. The third part of the test is satisfied. However, this part of the test weighing in favor of stay relief is not enough alone.

Build-It Mart has not sufficiently shown that the three parts of the the test are satisfied in favor of granting stay relief. Build-It Mart has thus failed to make a prima facie showing that there is cause for modification of the automatic stay to allow it to proceed with the Wayne County litigation and obtain a default judgment against the Debtor. The automatic stay is maintained as to this issue and Build-It Mart is prohibited from proceeding with the litigation.

## CONCLUSION

The automatic stay provisions of § 362(a) do not apply to the the statutory requirements to perfect materialman's liens. The automatic stay provisions of § 362(a) do apply to the continuance

AO 72A
(Rev. 8/82)

of the pending litigation, unless there is a prima facie showing of cause for relief. Build-It Mart has either already fulfilled the requirements of the Georgia Lien Statute to perfect its lien, or has failed to do so by failing to provide the required notice to the Scarborough in the required manner, in which case stay relief cannot affect that outcome. Additionally, Build-It Mart did not make a prima facie showing of cause for modification of the stay to proceed with litigation to obtain a default judgment against Scarborough.

**ORDER**

It is therefore **ORDERED** that Choo Choo Build-It Mart's Motion to Modify the Automatic Stay is **DENIED**.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
This _____ day of November, 2008.

AO 72A (Rev. 8/82)